IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT CASEY                        :           CIVIL ACTION
                                    :
       v.                           :
                                    :
XPEDX, et al.                       :           NO. 16-5135

MEMORANDUM

Bartle, J.                                               November 28, 2016

      Plaintiff Robert Casey originally brought this negligence, products liability, and breach of warranty action against defendants Xpedx,[1] Veritiv, Veritiv Corporation, as well as Ford Motor Company and Ford (collectively "Ford") in the Court of Common Pleas of Philadelphia County.  It is undisputed that Ford timely filed a Notice of Removal in this court on September 26, 2016 based on diversity of citizenship of the parties and an amount in controversy in excess of $75,000 exclusive of interest and costs.  See 28 U.S.C. §§ 1332(a), 1446.  Within thirty days, the plaintiff moved to remand this action to the state court on the ground that the other served defendants did not timely file consents to removal.  See § 1447(c).  The defendants oppose this motion.

      Ford's Notice of Removal stated:  "Ford has sought and obtained co-Defendants['] consent in filing this removal."  The plaintiff argues that this is insufficient.  He maintains that

---

1. Xpedx was named twice in the complaint as a defendant.

each co-defendant itself must place its consent on the record in a timely manner and that Ford's filing of the Notice of Removal cannot speak for them.  Attached to the defendants' joint response in opposition to plaintiff's motion to remand were two e-mails dated Wednesday, September 21, 2016.  In the first, counsel for the defendants other than Ford wrote to Ford's counsel:

> . . . thanks for your telephone message.  I agree with your strategy to remove the case to federal court.  Before you do that, I would like to file Preliminary Objections to the Amended Complaint in the Philadelphia Court of Common Pleas action.
>
> So, will you withhold filing of the Petition until Friday [September 23, 2016]?  Thanks.

Ford's counsel responded:  "Yes.  We will wait to remove until next Monday [September 26, 2016]."  The plaintiff and the court did not have notice of those e-mails until November 2, 2016 when the defendants' joint opposition to remand was filed.

The removal procedure is set forth in 28 U.S.C. § 1446.  With exceptions not relevant here, when a civil action is removed from the state court of which the United States district court has original jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  See § 1446(b)(2)(A).  The statute is silent on exactly how any joinder or consent is to be made known or effected.

Various courts throughout the country which have grappled with this question are divided.  Some allow one defendant to represent to the court that a co-defendant consents to removal while others require each defendant to speak for itself and file a written consent in some form.  See 16 James Wm. Moore et al., Moore's Federal Practice ¶ 107.42[1] (3d ed. 2016).

Judge William H. Yohn of this court decided this precise question in Ogletree v. Baines, 851 F. Supp. 184 (E.D. Pa. 1994).  In that medical malpractice and civil rights action initiated in the state court, some but not all of the defendants filed a timely Notice of Removal in this court.  The Notice of Removal stated that "[a]ll defendants to this action consent to its removal to Federal District Court."  Having found no precedent in this Circuit, Judge Yohn reviewed the case law in other circuits and concluded that remand was required.  We agree with Judge Yohn that we must strictly construe the removal statute and resolve all doubts in favor of remand.  See also Dietz v. Avco Corp., 168 F. Supp. 3d 747, 756-57 (E.D. Pa. 2016).

In a matter as important as removal with its implications for federalism, the proper reading of § 1446(b)(2)(A), in our view, includes the requirement that each defendant who has been served at the time the Notice of Removal is filed must file a consent to removal either individually or jointly within the time frame set

forth under § 1446(b)(2)(B), that is within thirty days of the date of service of the initial pleading or under certain circumstances within thirty days of the date of service of the summons, as set forth in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) and Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005).  Each defendant must speak for itself by means of an individual or joint filing with the court.  This is not an onerous burden and avoids any ambiguity or challenge from the plaintiff concerning the validity of the consent.

      Here, Ford merely stated in its Notice of Removal that it had obtained the consent of the other defendants.  The remaining defendants did not file their own Notice of Removal or a joinder or consent to Ford's Notice of Removal within the required thirty days after service of the complaint.  The informal exchange of e-mails between defense attorneys confirming their agreement to remove the case cannot suffice, particularly when the e-mails were not filed until November 2, 2016, well beyond the filing deadline under § 1446.

      Accordingly, we will grant the motion of the plaintiff to remand this action to the Court of Common Pleas of Philadelphia County.